622 So.2d 1369 (1993)
NEW YORK LIFE INSURANCE and ANNUITY CORPORATION, Appellant,
v.
Hammocks COMMUNITY ASSOCIATION, INC., Appellee.
No. 93-511.
District Court of Appeal of Florida, Third District.
August 31, 1993.
*1370 Squire, Sanders & Dempsey and John R. Hart and Dana A. Clayton, Miami, for appellant.
Theodore R. Bayer, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the defendant first mortgagee, New York Life Insurance and Annuity Corporation [New York Life] from an adverse final summary judgment, giving New York Life's mortgage lien second priority behind the assessment lien of the plaintiff Hammocks Community Association, Inc. [Association] in an action to foreclose on the plaintiff's assessment lien for nonpayment of property assessments against the property owner Colonial Broadwater Limited Partnership. We reject New York Life's arguments on appeal and affirm.
First, the 1984 amendment to Declaration of Covenants for the Hammocks, in which the subject real property is situated, gives an assessment lien to the Association for all unpaid fees assessed by the Association for maintaining and administering the common properties and improvements in the development, which lien is prior to a subsequently given first mortgage which is amortized over a period of less than ten years. We conclude that, as a matter of law, the Association's assessment lien, which was foreclosed below, is prior to New York Life's first mortgage lien under the 1984 amendment to the Declaration of Covenants because (a) the first mortgage was given subsequent to the above 1984 amendment, and (b) the first mortgage was amortized over a period of less than ten years, to wit: five years. Moreover, as a matter of law, the 1984 amendment is not, as urged, legally invalid. We have not overlooked New York Life's arguments to the contrary, but are not persuaded thereby. See, e.g., Nelle v. Loch Haven Homeowners' Ass'n, 413 So.2d 28 (Fla. 1982); Bessemer v. Gersten, 381 So.2d 1344 (Fla. 1980); Black's Law Dictionary 108 (4th ed. 1957).
Second, we find no merit in New York Life's remaining contentions concerning alleged procedural irregularities below. No reversible error has been shown by New York Life.
The final summary judgment under review is, in all respects,
Affirmed.