RAMIREZ, JUAN, Jr., Associate Judge.
Appellant, Federal National Mortgage Association (FNMA), appeals the final summary judgment entered against it on behalf of a mobile home park homeowners’ association, Holly Lake Association, Inc. The trial court gave priority to the Association’s subsequently filed maintenance assessment lien in a mortgage foreclosure action. We reverse.
On September 6, 1974, the Association’s predecessor filed a Declaration of Covenants giving them the right to a lien in the event the monthly mobile charge was not paid when due. FNMA’s foreclosure was based on a mortgage recorded on December 14, 1983. The Association’s claim of lien was not filed until June 8, 1991.
Both sides agree that “first in time is the first in right.” Bank of South Palm Beaches v. Stockton, Whatley, Bavin & Co., 473 So.2d 1358, 1360 (Fla. 4th DCA 1985); § 695.01, Fla.Stat. (1993). Appellee argues, however, that the lien relates back to the recording date of the Declaration, relying on Bessemer v. Gersten, 381 So.2d 1344 (Fla.1980).
In Bessemer, the issue was whether a developer could impose encumbrances upon land creating a duty to make payments for recreational purposes and if so, whether the lien arising from nonpayment would prevail over the buyer’s homestead right. The developer had recorded a declaration of restrictions giving the developer a lien against the owner for each monthly payment until the amount was paid. The owner took title subsequently.
In holding that the developer should prevail the court stated that the owner manifested the intent to secure the obligation with the property by accepting the deed with actual or constructive notice of the lien provision of the declaration of restrictions. As further grounds, the court held that “the creation of the lien by acceptance of the deed relates back to the time of the filing of the declaration of restrictions.” 381 So.2d at 1348.
This case does not involve an owner accepting title with notice of lien provisions. It involves a third party that records a mortgage prior to the Association filing a claim of lien. The situation is entirely different when we have conflicting lien priorities between creditors.
Further, the declaration does not purport to create an automatic lien but merely creates the right to a lien in the event of nonpayment. The ongoing, automatic lien in Bessemer stands in stark contrast to the Association’s right to a lien only in the event of nonpayment — an event that occurred in this case years after the recordation of the mortgage.
A declaration that does not specify that it is creating a continuing lien that relates back does not put prospective mortgagees on notice of the superiority of the lien. To give a lien super-priority in the absence of clear language to that effect would undermine the principle of notice embodied in the recordation and registration statutes. Cf. St. Paul Federal Bank for Savings v. Wesby, 149 Ill.App.3d 1059, 103 Ill.Dec. 390, 501 N.E.2d 707 (1986), appeal denied, 114 Ill.2d 557, 108 Ill.Dec. 425, 508 N.E.2d 736 (1987).
In New York Life Ins. & Annuity Corp. v. Hammocks Community Ass’n, 622 So.2d 1369 (Fla. 3d DCA 1993), the trial court gave the association priority over a mortgage. The ease involved a declaration of covenants giving an assessment lien to the association which lien was to have priority over any first mortgage amortized over a period of less than ten years. The court held on behalf of the association based on the fact that the mortgage was given subsequent to the declaration of covenants and that the mortgage was amortized for five years. Thus, very specific language was required to defeat the mortgagee. The language in this case gives the association a right to a lien only “[i]n the event the monthly mobile type home site charge is not paid when due.”
Section 718.116(l)(a), Florida Statutes (1993), which governs only condominium assessments, limits the liability of the first mortgagee who acquires title by foreclosure or by deed to the unpaid assessments up to six months or one percent of the original mortgage debt. There is no comparable *80 statutory language governing homeowners’ associations.
We hold that in the absence of clear language giving a homeowners’ association a lien that relates back to previously recorded documents, the priority should be determined according to the well-established rule in the recording statute of “first in time is first in right.”
We certify the following question as one of great public importance:
WHETHER A CLAIM OF LIEN RECORDED PURSUANT TO A DECLARATION OF COVENANTS BY A HOMEOWNER’S ASSOCIATION HAS PRIORITY OVER AN INTERVENING RECORDED MORTGAGE WHERE THE DECLARATION AUTHORIZES THE ASSOCIATION TO IMPOSE A LIEN FOR ASSESSMENTS BUT DOES NOT OTHERWISE INDICATE THAT THE LIEN RELATES BACK OR TAKES PRIORITY OVER AN INTERVENING MORTGAGE.
REVERSED AND REMANDED.
GUNTHER and STONE, JJ., concur.