660 So.2d 266 (1995)
HOLLY LAKE ASSOCIATION, Petitioner,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent.
No. 84242.
Supreme Court of Florida.
July 6, 1995.
Rehearing Denied September 11, 1995.
*267 Larry A. Karns, Fort Lauderdale, for petitioner.
Steven L. Brannock and Julia S. Waters of Holland & Knight, Tampa, for respondent.
GRIMES, Chief Justice.
We review Federal National Mortgage Ass'n v. McKesson, 639 So.2d 78 (Fla. 4th DCA 1994), in which the district court of appeal certified the following as a question of great public importance:
WHETHER A CLAIM OF LIEN RECORDED PURSUANT TO A DECLARATION OF COVENANTS BY A HOMEOWNERS' ASSOCIATION HAS PRIORITY OVER AN INTERVENING RECORDED MORTGAGE WHERE THE DECLARATION AUTHORIZES THE ASSOCIATION TO IMPOSE A LIEN FOR ASSESSMENTS BUT DOES NOT OTHERWISE INDICATE THAT THE LIEN RELATES BACK OR TAKES PRIORITY OVER AN INTERVENING MORTGAGE.
Id. at 80. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Petitioner, Holly Lakes Association (the Association), is the homeowners' association for Holly Lakes, a mobile home park development. In 1974, the Association's predecessor recorded a declaration of covenants covering the real property within the development. The declaration required residents to pay a monthly assessment for maintenance of their mobile home sites and included the following provision:
In the event the monthly mobile type home site charge is not paid when due, Owner, or its designee, shall have the right to a lien against said site and the improvements contained thereon for any such unpaid charges; and shall have the right to enforce said lien in any manner provided by law for the enforcement of mechanics' or statutory liens, but Owner shall not be restricted to such procedure in the collection of said overdue charges.
John and Denise McKesson became the owners of a mobile home site in Holly Lakes and executed a mortgage on the property to the assignor of respondent, Federal National Mortgage Association (FNMA). The mortgage was recorded in 1983. In 1991, the Association recorded a claim of lien against the McKessons' property after they failed to pay the monthly maintenance assessment. In 1992, FNMA brought a foreclosure action against the McKessons for failure to pay the promissory note secured by the mortgage. The Association filed a counterclaim against FNMA asserting that it had a superior lien against the property because it related back to the 1974 declaration of covenants containing the provision granting the Association the right to institute a lien for past-due maintenance assessments. FNMA contended *268 that its mortgage lien was superior because it was recorded eight years before the recording of the Association's lien. The trial court held that the Association's lien had priority over FNMA's mortgage and granted summary judgment in favor of the Association.
The Fourth District Court of Appeal reversed the summary judgment. The court reasoned that the Association's declaration of covenants, rather than creating an ongoing automatic lien, merely created a right to a lien in the event that the maintenance assessment was not paid when due. Because FNMA's 1983 mortgage lien was recorded prior to the Association's 1991 assessment lien, the court held that FNMA's lien had priority.
The Association and FNMA agree that the applicable rule governing priority of lien interests is "first in time is first in right." Walter E. Heller & Co. Southeast, Inc. v. Williams, 450 So.2d 521, 532 (Fla. 3d DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985). However, both parties assert that their respective lien was first in time and therefore had priority. Relying on our decision in Bessemer v. Gersten, 381 So.2d 1344 (Fla. 1980), the Association argues that its lien is first in time because it relates back to the recording date of the declaration of covenants.
Bessemer involved the issue of whether a developer's recreation assessment lien could take priority over a property owner's homestead right. The developer in Bessemer filed a declaration of restrictions which required purchasers to pay a monthly assessment for use of the development's recreational facilities. The declaration of restrictions stated that the developer "shall have a lien upon such owner's lot for the aforesaid amount of $10.00 per month until such amount is paid." Id. at 1346.
In 1970, the Gerstens purchased a house and lot from the developer. In 1975, the developer's successor in interest brought suit to foreclose a lien against the Gerstens for nonpayment of the recreation assessment. The Gerstens argued that their homestead right had priority because the lien could only arise upon nonpayment and, therefore, the lien did not come into existence until after they had taken possession of the house and lot as their homestead.
This Court determined that the Gerstens manifested an intent to let the real property stand as security for the recreation assessment obligation when they accepted the deed with actual or constructive notice of the language in the declaration of restrictions. Id. at 1348. We further determined that "the creation of the lien by acceptance of the deed relates back to the time of the filing of the declaration of restrictions." Id. Holding that the case should be treated as if the Gerstens had taken title subject to a preexisting lien, we ruled that the developer's lien had priority over the Gerstens' homestead right.
We find that Bessemer is inapplicable to the situation before us in this case. Bessemer involved a conflict between a creditor's lien and the property owner's homestead right, whereas the instant case involves a conflict between two creditors. Moreover, the language contained in the Association's declaration of covenants differs significantly from that contained in the Bessemer declaration of restrictions. In Bessemer, the language in the declaration of restrictions put all parties on notice that an ongoing, automatic lien had been created at the time that the property was purchased, and that this lien would continue each month until the owner paid the monthly assessment fee. In contrast, the language in the declaration of covenants before us merely granted the Association the right to file a lien in the event of nonpayment.
The Association's declaration of covenants failed to put FNMA on notice that the Association claimed a continuing lien on the property securing the monthly maintenance assessments. When FNMA's mortgage was recorded in 1983, the Association had not yet filed a lien against the McKessons' property. Therefore, FNMA could not be charged with constructive notice[1] of the existence of the Association's lien.
Facing a similar issue in St. Paul Federal Bank for Savings v. Wesby, 149 Ill. App.3d 1059, 103 Ill.Dec. 390, 501 N.E.2d 707 (1986), *269 appeal denied, 114 Ill.2d 557, 108 Ill.Dec. 425, 508 N.E.2d 736 (1987), the court also construed the language of a declaration of condominium ownership as being insufficient to create a continuing lien for unpaid association expenses which would relate back to the date the declaration was filed. The court distinguished the Bessemer decision in much the same way we have done. In concluding that there was nothing in the declaration which would put mortgagees on notice of the possibility of a relation back, the court said:
To hold that priority of such a debt relates back to the date the declaration is recorded or registered, would expose lenders to unknown risks, and would undercut the principle, embodied in the recordation and registration statutes, that persons who are about to acquire an interest in land are entitled to know the extent to which that interest is impaired.
Id. 103 Ill.Dec. at 399, 501 N.E.2d at 716.
We hold that in order for a claim of lien recorded pursuant to a declaration of covenants to have priority over an intervening recorded mortgage, the declaration must contain specific language indicating that the lien relates back to the date of the filing of the declaration or that it otherwise takes priority over intervening mortgages. Cf. New York Life Ins. & Annuity Corp. v. Hammocks Community Ass'n, Inc., 622 So.2d 1369 (Fla. 3d DCA 1993) (homeowners association's assessment lien had priority over a mortgage lien because of specific language in the declaration of covenants which gave the association's assessment lien priority over any first mortgage amortized over a period of less than ten years). We therefore answer the certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The Association also contends that FNMA's assignor had actual notice of the declaration of covenants. This is irrelevant because we have construed the declaration as not creating a continuing lien.