STEVENSON, C.J.
Broward County appeals a final order in a lien foreclosure proceeding wherein it sought to foreclose code enforcement liens against commercial property located in Broward County and owned by the estate of Theresa Colangelo. The trial court ordered Broward County to execute an agreement which would subordinate its liens to that of a newly-acquired mortgage on the property or the court would hold that the liens were satisfied. Since Bro-ward County did not timely execute the agreement, the trial court held that the liens were satisfied. We reverse both orders.
The Broward County Enforcement Board informed Andrew Recupero, the estate’s personal representative, that a daily fine of $250 would be assessed if the estate’s property was not brought into compliance with the Broward County Zoning Code. Subsequently, Broward County brought suit to foreclose $423,750 in liens it had recorded against the property for the code enforcement violations. Initially, the trial court granted summary judgment in favor of the estate, but the case was reversed. See Broward County v. Recupero, 908 So.2d 520 (Fla. 4th DCA 2005). During the continued proceedings upon remand, the estate sought to obtain a new mortgage loan on the property and filed a “Motion to Satisfy Liens of Record and Allow Refinancing of Property.” The estate asserted in its motion that, due to financial constraints, there was a critical need for refinancing the property, but the code enforcement liens were making it difficult to obtain such refinancing. The estate therefore requested that the trial court discharge the liens to facilitate the refinancing of the property. The estate filed an appraisal of the property and maintained that the property had sufficient equity to adequately secure a mortgage of $285,000 as well as Broward County’s lien amounts. Broward County opposed the motion, arguing that if the trial court “negate[d] valid liens on the subject property before a final determination, [it] would be tantamount to a ruling on the merits without due process.” Furthermore, Broward County contended that canceling the liens before they were satisfied would cause Broward County to lose its priority over secured creditors and generally weaken Broward County’s leverage to compel compliance with its zoning laws.
After a hearing on the estate’s motion, the trial court entered an order on September 29, 2005, finding that “there is adequate equity in the property which is the subject of this action and that even after the [estate] encumbers two of the four lots in question in the amount of $285,000 there will still remain more than adequate equity to secure [Broward county’s] lien amounts.” The order required Broward County to execute within five days an agreement that would subordinate its liens to the estate’s soon-to-be-executed new mortgage on the property. The trial court stated that if Broward County failed to execute the subordination agreement, the court would issue an order satisfying the liens of record upon submission of an affidavit by counsel for the estate. After more than five days passed, the estate’s attorney filed an affidavit stating that the subordination agreement had not been *276 signed by Broward County. Shortly after the estate’s attorney filed his affidavit, Broward County executed the agreement on October 12, 2005. On October 14, 2005, the trial court entered an order, stating that the liens “are hereby satisfied of record and are of no further force or effect.” Thereafter, Broward County moved to quash the order because Stan Morris, the assistant to the director of Broward County’s building services, had been away from work because of a family emergency. Morris explained that he did not realize that he needed to execute the subordination agreement because he was away from his office from October 10, 2005 until October 16, 2005. The trial court denied the motion to quash, and this appeal followed.
The liens on the estate’s property were imposed pursuant to the Local Government Code Enforcement Boards Act, sections 162.01-162.13, Florida Statutes (2001). The intent of the Act is
[T]o promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances....
§ 162.02, Fla. Stat. (2001). Accordingly, after inspection and notice, a code enforcement board may order a code violator to pay a fine for each day a violation continues past the date set by the board for compliance. See § 162.09(1), Fla. Stat. “A certified copy of an order imposing afine, or afine plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists .... ” § 162.09(8), Fla. Stat. (emphasis added). The code enforcement lien runs in favor of the local governing body and after three months from the filing of the lien, the local governing body may sue to foreclose or to recover a money judgment. Id.
We agree with Broward County that the trial court abused its discretion in ordering it to enter into a subordination agreement and in declaring its liens to be satisfied. See generally Boca Burger, Inc. v. Forum, 912 So.2d 561, 573 (Fla.2005) (stating “[a] lower court’s decision to impose sanctions is reviewed under an abuse of discretion standard”). Florida Statutes section 695.11 provides that instruments are deemed to be recorded from the time of filing. Since the notice of Broward County’s liens was filed before the estate obtained the refinancing mortgage, Bro-ward County’s liens had priority over the estate’s mortgage. The trial court effectively eliminated Broward County’s valuable statutory rights of priority and lien foreclosure without any authority to do so. Appellate courts have reversed trial court orders that unlawfully took away or subordinated valid liens. See Lamchick, Glucksman & Johnston, P.A. v. City Nat’l Bank of Fla., 659 So.2d 1118, 1120 (Fla. 3d DCA 1995) (holding the trial court erred by allowing a creditor to “leapfrog” over a prior recorded lien); cf. Sharpe v. Calabrese, 528 So.2d 947, 950 (Fla. 5th DCA 1988) (holding that a lien created by a duly entered and recorded money judgment must be accorded its legal effect until it is satisfied by payment, the lien expires, or judicial relief from the underlying judgment is properly granted for a reason recognized in law).
Accordingly, although its intentions were well-meaning, we hold that the trial court abused its discretion in ordering Broward County to execute an agreement to subordinate its liens and in subsequently ruling that the liens were satisfied when Broward County failed to timely execute *277 the agreement. We reject the estate’s argument that the order satisfying the lien was an appropriate sanction for Broward County’s failure to timely comply with the order requiring it to execute the subordination agreement since the order was facially valid. We find that such an extreme sanction would require findings of willfulness, contumaciousness, or deliberate disregard, all of which were absent from the order and not supported in the record. See Boca Casino Cruises, Inc. v. Monte Carlo Cruise Concessions, Inc., 760 So.2d 281, 282 (Fla. 4th DCA 2000). We therefore reverse and remand for proceedings consistent with this opinion.

Reversed and Remanded.

WARNER and TAYLOR, JJ., concur.