IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

U.S. BANK NATIONAL
ASSOCIATION, Trustee for
Lehman Brothers-Structured
Asset Investment Loan Trust Sail
2005-3,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0268

　　　　Appellant,

v.

NICHOLAS F. FARHOOD a/k/a
NICHOLAS F. FARHOOD;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., As Nominee for
Countrywide Home Loans, Inc.;
SIDES MORENO POINT WEST;
LEAH FARHOOD, Unknown
Spouse of NICHOLAS
FARHOOD; Unknown spouse of
LEAH FARHOOD, BEACH
COMMUNITY BANK; JOHN E.
VENN, JR., TRUSTEE.

　　　　Appellees.

_____/

Opinion filed December 16, 2014.

An appeal from the Circuit Court for Okaloosa County.
Keith Brace, Judge.

Thomas H. Loffredo and Jeffrey T. Kuntz of GrayRobinson, P.A., Fort Lauderdale,
and Michael E. Riley of GrayRobinson, P.A., Tallahassee, for Appellant.

Jacob A. Brainard, Scott C. Davis, and Candice J. Gundel of Business Law Group, P.A., Tampa, for Appellee Sides Moreno Point West Owners Association, Inc.

CLARK, J.

This appeal is from the final summary judgment of foreclosure upon cross-motions for summary judgment for mortgage and lien foreclosures. U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-3 ("U.S. Bank") appeals the portions of the final summary judgment wherein the trial court, "pursuant to the Court's order of April 17, 2012," deemed the lien for association fees of Sides Moreno Point West Owners' Association, Inc. ("the Association") superior in priority to the mortgage lien of U.S. Bank. U.S. Bank contends that the trial court abused its discretion by sanctioning U.S. Bank with a penalty which contravenes the statutory provisions governing lien priority and which ignores the complete and adequate procedures and remedies at law available if a party fails to diligently prosecute its case or willfully employs delay tactics in the litigation. We agree and reverse the challenged portion of the final summary judgment of foreclosure and the prior order upon which it is based. In all other respects, the final summary judgment of foreclosure is affirmed.

U.S. Bank filed its complaint for foreclosure in the circuit court on July 15, 2007. The Association was included as a party defendant based on its claim of lien

2

for condominium association assessments, which—according to the allegations of the complaint—had been recorded in the official records of Okaloosa County prior to the filing of U. S. Bank's complaint.[1] The Association answered the complaint and asserted a counter claim for foreclosure on its claim of lien for the condominium assessments. § 718.116(5)(a), Fla. Stat. From the initial pleadings and throughout the litigation, the priority of the respective parties' liens was a contested issue.

The litigation progressed slowly for four years after the filing of the initial complaint. However, the record contains no motion under rule 1.420(e), Florida Rules of Civil Procedure and no notice for trial or order setting the action for trial pursuant to rule 1.440. On September 1, 2011, upon U.S. Bank's motion to dismiss the Association's counterclaim and upon an unrecorded hearing on that motion, the circuit court entered an order denying the motion to dismiss. In that order, the court found that U.S. Bank had delayed the case and failed to act upon it. As a "sanction," the court ordered U. S. Bank to pay $2,500.00 to the Association.

In early 2012, U.S. Bank filed its motion for summary judgment of foreclosure, which included allegations that its mortgage was recorded prior to the liens of other defendants and was thus superior in interest to those liens. The

---

[1]  The record contains subsequently recorded claims of lien by the Association, perhaps to preserve the effectiveness of the claim under section 718.116(5)(b), Fla. Stat.

3

Association then filed its motion to dismiss and for sanctions against U.S. Bank for additional delay tactics. The Association also sought summary judgment on its counter claim for foreclosure on its claim of lien for the assessments and alleged that its lien was superior to any interest of U.S. Bank and the borrowers.

The circuit court disposed of the pending motions in its order entered April 17, 2012. The court found that U.S. Bank's failure to pursue the litigation had been "willful, deliberate, and/or contumacious," resulting in prejudice to the Association's interests and causing "significant problems of judicial administration" without reasonable justification. However, the court did not dismiss U.S. Bank's action, impose any monetary sanction requested in the Association's motion, or charge U.S. Bank with the Association's attorney's fees. Rather, the court stated that it exercised "its equitable power and authority to give [the Association] first lien priority in this matter" and declared that the Association's lien and interest in the real property "is now superior to any right, title, interest or claim" of U.S. Bank. U.S. Bank's petition to this Court for writ of certiorari review was unsuccessful. U.S. Bank Nat'l Ass'n v. Farhood, 110 So. 3d 446 (Fla. 1st DCA 2013).

On appeal is the circuit court's final summary judgment of foreclosure, entered December 13, 2013. In that judgment, the circuit court relied on its order entered April 17, 2012 as the basis for holding the Association's lien "superior to

4

the liens or interests of Plaintiff/Counter-Defendant, U.S. Bank" and for ruling that U.S. Bank's lien was "prior, paramount, and superior to all rights, claims, lien interests, encumbrances and equities of the Defendants, except for" the Association. The court determined that the Association was entitled to a total of $79,458.71 for condominium assessments, interest, costs and fees, and that U. S. Bank was entitled to a total of $740,450.73 under the note and mortgage, including principle, interest, escrow payments, and other costs.

We review the circuit court's decision to impose sanctions under an abuse of discretion standard. Boca Burger, Inc. v. Forum, 912 So. 2d 561, 573 (Fla. 2005). This standard applies to sanctions in the context of foreclosure actions and lien issues. Broward Cnty. v. Recupero, 949 So. 2d 274, 276 (Fla. 4th DCA 2007). In this case, the court's resort to its "equitable power and authority" to fashion a sanction for unspecified delays in this case constituted an abuse of discretion which must be reversed.

Mortgage foreclosure actions are equitable in nature. § 702.01, Fla. Stat. The Florida Supreme Court recently reemphasized "[w]hen it is necessary, Florida courts have powers at their disposal to provide equitable remedies to litigants." Arsali v. Chase Home Fin. LLC, 121 So. 3d 511, 517 (Fla. 2013). However, the long-enduring principle that "equity will not act when there is a full, adequate, and complete remedy at law" applies to mortgage foreclosure actions and continues in

5

effect today.  <u>Wildwood Crate & Ice Co. v. Citizens Bank of Inverness</u>, 98 Fla. 186, 192, 123 So. 699, 701 (1929); <u>see</u> <u>also</u> <u>Jackson v. Computer Science Raytheon</u>, 36 So. 3d 754, 756 (Fla. 1st DCA 2010) (recitation of rule).

The circuit court's frustration with the slow progress of a stale case is certainly understandable.  "Dilatory practices bring the administration of justice into disrepute."  Comment, R. Regulating Fla. Bar 4-3.2.  Members of the Florida Bar have an ethical obligation to "make reasonable efforts to expedite litigation consistent with the interests of the client." R. Regulating Fla. Bar 4-3.2.  Tactics to delay or avoid progress employed for the purpose of frustrating an opposing party's attempt to obtain rightful redress are sanctionable.  <u>See</u> Comment, R. Regulating Fla. Bar 4-3.2.   However, the court's orders do not indicate that any action by U.S. Bank or counsel interfered with the court's ability to manage this case in accordance with rule 2.545(b), Florida Rules of Judicial Administration.

Even if the court correctly found that U.S. Bank or counsel had engaged in sanctionable delay tactics, the court had no need to resort to its equitable powers to create the sanction in this case.  Appropriate remedies to address any willful and deliberate delay in the litigation are already established.  <u>See</u> § 57.105(2), Fla. Stat. (award of attorney's fees and costs caused by opposing party's deliberate delays); Fla. R. Civ. P. 1.420 (dismissal of all or part of an action); 1.440 (setting action for trial); Fla. R. Jud. Admin. 2.545(e) (continuances should be few, good cause is

required).

Not only did the court unnecessarily invoke equitable powers to create a remedy for delay, the order declaring the Association's lien superior to U.S. Bank's lien as a sanction for such delay exceeded the court's authority. "[C]ourts of equity have no power to overrule established law." Pineda v. Wells Fargo Bank, N.A., 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014) (citing Orr v. Trask, 464 So. 2d 131, 135 (Fla. 1985); Flagler v. Flagler, 94 So. 2d 592, 594 (Fla. 1957)). The court's declaration of lien priority as a sanction impermissibly overlooks the common law and encroaches on the Legislature's codification of well-established property rights.

The common law rule "governing priority of lien interests is 'first in time is first in right.'" Holly Lake Ass'n v. Fed. Nat'l Mortg. Ass'n, 660 So. 2d 266, 268 (Fla. 1995). "First in time" is determined under sections 28.222(2), Florida Statutes (Clerks of Court must maintain register of time and number of filing instruments); 695.01 (to bind creditors and subsequent purchasers, conveyances & mortgages on real property must be recorded); and 695.11 (sequence of official register numbers determines priority of recordation).[2] The Legislature has specifically addressed lien priorities between condominium associations, for

---

[2]  See City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924 (Fla. 2013) for additional discussion of priority of interests in real estate.

7

assessments, and mortgagees seeking foreclosure, in section 718.116(5).[3]

Contrary to its assumption in the order imposing the sanction, the circuit court did not have "equitable power and authority to give [the Association] first lien priority in this matter," without regard to the statutes governing such lien priorities. The imposition of sanctions which contravene the recording and lien priority statutes, or the statutes establishing time and amount limits for a mortgagee's liability for condominium assessments, exceed a trial court's discretion and require reversal. See U.S. Bank Nat'l Ass'n v. Tadmore, 23 So. 3d 822 (Fla. 3d DCA 2009) (reversing sanctions for delays in litigation which required plaintiff Bank to pay condominium assessments earlier and in amounts in excess of those required by section 718.116(1)(b)); Deutsche Bank Nat'l Trist Co. v. Coral Key Condo. Ass'n, 32 So. 3d 195 (Fla. 4th DCA 2010) (same).

The sanction imposed here actually determined a material, disputed issue in the litigation. The declaration of lien priority did not rely on any evidence of

---

[3] Section 718.116(5)(a) provides:

**(5)(a)** The association has a lien on each condominium parcel to secure the payment of assessments. Except as otherwise provided in subsection (1) and as set forth below, the lien is effective and shall relate back to the recording of the original declaration of condominium ... However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is located. Nothing in this subsection shall be construed to bestow upon any lien, mortgage, or certified judgment of record on April 1, 1992, including the lien for unpaid assessments created herein, a priority which, by law, the lien, mortgage or judgment did not have before that date.

8

recorded documents but simply declared the Association's lien superior as a sanction for U.S. Bank's unspecified delays.  The established remedies for dilatory prosecution of the action do not include making findings of fact not supported by admissible evidence.

Finally, the circuit court's finding that the "actions" by U.S. Bank and counsel "have been willful, deliberate and/or contumacious" does not cure the erroneous sanction order.  In Broward County v. Recupero, 949 So. 2d 274, 277 (Fla. 4th DCA 2007), the trial court entered an order sanctioning the County for violating an earlier court order by deeming the County's duly recorded liens satisfied.  The Fourth District Court of Appeal reversed, but stated in dicta that "such an extreme sanction would require willfulness, contumaciousness, or deliberate disregard, all of which were absent from the order and not supported in the record."    Broward County v. Recupero, at 277.  We decline to interpret this language as authorization for the sanction in this case.

The final summary judgment of foreclosure is affirmed in part, and reversed in part.  We reverse the order entered April 17, 2012, upon which the lien priority rulings in the final summary judgment of foreclosure are based, and reverse paragraph 7 of the final summary judgment and the other portions of that judgment regarding the priority of the Association's lien.  The case is remanded for a determination by the trial court of the relative priority of the parties' liens, based

9

on any evidence submitted by the parties and the application of sections 695.11 and 718.116(5), Florida Statutes to that evidence. If the Association incurred "undue expense" as a result of any dilatory tactics by U.S. Bank during the course of this action, as referenced in the circuit court's order entered April 17, 2012, this may properly be addressed upon a motion for attorney's fees and costs in the trial court.  See § 57.105(2), Fla. Stat.

PADOVANO, J., CONCURS; THOMAS, J., CONCURS IN RESULT ONLY.