DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6 TRUST,**
Appellant,

v.

**RALPH A. GRANT** and **DEBORAH GRANT,** husband and wife, and **PIPERS LANDING, INC.,**
Appellee.

No. 4D14-979

[December 2, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; James W. McCann, Judge; L.T. Case No. 43-2013-CA-000664-CAAXMX.

Brian K. Hole and Katherine M. Joffe of Holland & Knight LLP, Fort Lauderdale, for appellant.

Daniel L. Wallach of Becker & Poliakoff, P.A., Fort Lauderdale, and Jane L. Cornett and Howard Googe of Becker & Poliakoff, P.A., Stuart, for appellee, Pipers Landing, Inc.

GROSS, J.

The issue in this case is whether a homeowner's association lien for unpaid assessments takes priority over the lien of the mortgagee in a foreclosure proceeding. Under the holding of *Holly Lake Ass'n v. Federal National Mortgage Ass'n*, 660 So. 2d 266 (Fla. 1995), the mortgagee's lien takes priority.

The salient facts are not in dispute. U.S. Bank National Association filed a foreclosure complaint based on a mortgage and note dated March

14, 2007.[1]  Pipers Landing Association, Inc., answered the complaint and denied that its lien interest in the property was inferior to the Bank's.  The Bank's mortgage was recorded prior to the Association's delinquency lien against the homeowners and after the recording of the Declaration of Covenants and Restrictions for Pipers Landing.

The Declaration states that any unpaid assessment becomes delinquent on the date due and, along with interest and the cost of collection, becomes "a continuing lien on the Unit and Equity Certificate against which the assessment is made, and shall also be the continuing and personal obligation of the Owner against whom the assessment is levied."  Subsection E(3) goes on to say that if charges or assessments are not paid within 30 days after the due date, the Association may record a claim of lien and bring an action to foreclose.  Nowhere in the Declaration does it state that any such lien is superior to other liens or that the lien would relate back to the date the Declaration was recorded.

This case is controlled by *Holly Lake*.  In *Holly Lake*, the association claimed that its lien, recorded after the mortgage, had priority because it related back to the date the declarations were recorded.  600 So. 2d at 267-68.  The supreme court found that the language of the declaration of covenants "merely granted the Association the right to file a lien in the event of nonpayment."  *Id.* at 268.  The language failed to "put all parties on notice that an ongoing, automatic lien had been created at the time that the property was purchased, and that this lien would continue each month until the owner paid the monthly assessment fee."  *Id.*

Following the rule governing priority of lien interests: "first in time is first in right," the court held that the mortgage had priority since it was recorded first.  Importantly, the court found that:

> in order for a claim of lien recorded pursuant to a declaration of covenants to have priority over an intervening recorded mortgage, the declaration must contain specific language indicating that the lien relates back to the date of the filing of the declaration or that it otherwise takes priority over intervening mortgages.

*Id.* at 269.  Here, the Declaration does not contain the language required by *Holly Lake* to give the Association's lien priority over that of the Bank.

We have considered and reject the Association's argument that the Bank's failure to file exceptions to the special master's report precludes

---

[1]The mortgage and note were executed prior to the July 1, 2007 effective date of section 720.3085, Florida Statutes (2007).  *See* Ch. 2007-183, § 2 Laws of Fla.

appellate review.  *See Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 356 (Fla. 4th DCA 2011); *Apsoft, Inc. v. Webclay*, 983 So. 2d 761, 764 n.1 (Fla. 5th DCA 2008).

*Reversed and Remanded.*

MAY and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**