DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MORTGAGE ASSETS MANAGEMENT, LLC, AS SERVICER FOR BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES 1 TRUST,**
Appellant,

v.

**TERRACES/BANYAN - 2, INC., ROBIN KAPLAN, CHAMPION MORTGAGE CO.,** and **SECRETARY OF HOUSING AND URBAN DEVELOPMENT,**
Appellees.

No. 4D20-1845

[September 1, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502019CA000970XXXMB.

Joshua H. Threadcraft of Burr & Forman LLP, Birmingham, Alabama, for appellant.

Michael D. Bogen of Bogen Law Group, P.A., Coral Springs, for appellee Terraces/Banyan - 2, Inc.

FAHNESTOCK, FABIENNE E., Associate Judge.

A property mortgagor appeals from the circuit court's order granting the property receiver's motion to establish an equitable lien, which order stated, in pertinent part, that the equitable lien was "superior to any first lienholder," i.e., the mortgagor. We reverse that portion of the order, and affirm the remainder.

Appellee, Terrace/Banyan - 2, Inc., is a community association under Chapter 718 (the "Association"). After a vacant unit became delinquent in its maintenance assessments, the Association filed a petition for appointment of a receiver. The circuit court entered an order approving the petition and appointing a receiver.

The receiver motioned for an equitable lien on the property, which the circuit court granted. In its order, the circuit court stated that the equitable lien was "subordinate to government liens, but superior to any first lienholder, the prior owner and any other lienholder or others claiming an interest herein."

Appellant, Mortgage Assets Management, LLC ("the mortgagor"), appealed from that order, raising several arguments; however, only one merits discussion.

The circuit court erred when it prioritized the equitable lien over the mortgagor's earlier-recorded first mortgage. "[T]he applicable rule governing priority of lien interests is first in time is first in right." *Holly Lake Ass'n v. Fed. Nat'l Mortg. Ass'n*, 660 So. 2d 266, 268 (Fla. 1995) (citation and internal quotation marks omitted); § 695.01(1), Fla. Stat. (2020). "The recording of the mortgage affords notice thereof to all concerned, and gives it priority over all liens accruing thereafter." *People's Bank of Jacksonville v. Arbuckle*, 90 So. 458, 460 (Fla. 1921); *see also Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n, Inc.*, 201 So. 3d 670, 675 (Fla. 2d DCA 2016) (citing § 718.116(5)(a), Florida Statutes, to find that a bank's first mortgage was superior to a condominium association's liens and voiding the trial court's judgment stating otherwise).

The mortgage in the instant case was recorded over ten years before the circuit court's imposition of the equitable lien. Accordingly, the mortgage has priority over the equitable lien.

The Association's reliance on section 718.116(5)(a), Florida Statutes (2020), is misplaced. Here, the Association did not record a lien against the property. Rather, the lien at issue is an equitable lien imposed by the court. Further, the Association's equity argument is inapplicable. A court does not have "equitable power and authority to give [an association] first lien priority . . . without regard to the statutes governing such lien priorities." *U.S. Bank Nat'l Ass'n v. Farhood*, 153 So. 3d 955, 959 (Fla. 1st DCA 2014). "Courts of equity have no power to overrule established law." *Orr v. Trask*, 464 So. 2d 131, 135 (Fla. 1985).

Based on the foregoing, we affirm in part and reverse in part. We reverse the portion of the circuit court's order that purports to impose an equitable lien that is superior to the lien created by the previously recorded mortgage. We affirm the remainder of the court's order and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***