474 So.2d 322 (1985)
Anthony R. LaROSSA and Dupont Realty Investment Corporation, Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, Appellee.
No. 84-2359.
District Court of Appeal of Florida, Third District.
July 23, 1985.
Rehearing Denied September 10, 1985.
*323 Sparber, Shevin, Shapo & Heilbronner and Nancy Schleifer, Miami, for appellants.
James H. Gillis and Susan Hartmann, Fort Lauderdale, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
Anthony LaRossa and DuPont Realty Investment Corporation (DuPont) appeal an order of the Florida Real Estate Commission (Commission) which revoked their licenses and registrations as real estate brokers in Florida. We affirm in part, reverse in part, and remand for reconsideration of the penalty imposed.
A two-count administrative complaint was filed against LaRossa and DuPont[1] alleging violations of subsections 475.25(1)(b) and (k), Florida Statutes (1981).[2] *324 The matter was set for hearing before an assigned hearing officer. In essence, the evidence presented indicated that LaRossa had entered into a business deal with his nephew to purchase certain rental property in Coconut Grove. Pursuant to this "partnership" agreement, the nephew turned over $18,000 to LaRossa to be used in the acquisition of the property. LaRossa initially deposited the money in his trust account, but subsequently withdrew it and used it for personal purposes.[3] The property which was the subject of the original agreement was never acquired. Following the hearing, the hearing officer entered an order which recommended that LaRossa and DuPont be found guilty of violating subsections (b) and (k) of section 475.25(1) and that the appropriate penalty would be a license suspension for ninety days.
The hearing officer's recommended order was accepted by the Commission as to the findings of fact and conclusions of law therein. After reviewing the entire record before it, however, the Commission increased the recommended penalty from a ninety-day suspension to revocation. This appeal followed.
A registered real estate broker may be disciplined not only for dishonest conduct in transactions in which his only interest is as a broker, but also for such conduct in his own personal business affairs. § 475.25(1)(b), Fla. Stat. (1981); Sellars v. Florida Real Estate Commission, 380 So.2d 1052 (Fla. 1st DCA), review denied, 389 So.2d 1114 (Fla. 1980); McKnight v. Florida Real Estate Commission, 202 So.2d 199 (Fla. 2d DCA 1967), cert. denied, 209 So.2d 672 (Fla. 1968). We find that there was substantial competent evidence presented to support the finding of the hearing officer that LaRossa was guilty of dishonest dealing with regard to his personal use of his nephew's money in violation of section 475.25(1)(b). Thus, the Commission's adoption of the hearing officer's finding in this regard was not only proper but also necessary. See Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982).
We reach a different conclusion, however, as to the alleged violation of subsection 475.25(1)(k). This subsection provides for discipline when a broker fails "to ... place ... money ... entrusted to him by any person dealing with him as a broker in ... a trust or escrow account ... [to] be kept [therein] until disbursement thereof is properly authorized... ." [emphasis added] This provision, by its very terms, applies only when a broker accepts money from a party in his professional capacity as a licensed real estate broker. Cf. Fleischman v. Department of Professional Regulation, 441 So.2d 1121 (Fla. 3d DCA 1983) (subsection 475.25(1)(d), Florida Statutes (1981), governing discipline of real estate licensees, is confined to unjustified refusals of a licensee to account for or return property received in trust or escrow by the licensee in his professional capacity [emphasis added]), review denied, 451 So.2d 847 (Fla. 1984); Santaniello v. Department of Professional Regulation/Board of Real Estate, 432 So.2d 82 (Fla. 2d DCA) (proscription of statutes against filing of lis pendens to collect commission or to coerce payment of money, §§ 475.25(1)(a), .42(1)(j), Fla. Stat. (1979), only apply to those acting in their capacity as real estate brokers or salesmen [emphasis added]), review denied, 438 So.2d 832 (Fla. 1983). In the present case, the evidence before the hearing officer established that LaRossa was not acting in his professional capacity as a broker when he accepted the $18,000 from his nephew. Rather, it was established that LaRossa was acting in an individual, personal capacity when he accepted the money pursuant to the agreement with his nephew to jointly acquire rental property in Coconut Grove. Since there is a total lack of evidence to support a finding that LaRossa was acting in a professional capacity as a licensed real *325 estate broker, the finding and recommendation of the hearing officer, adopted by the Commission, that a violation of subsection 475.25(1)(k) occurred, must be reversed.
It is apparent that in increasing the hearing officer's recommended penalty of a ninety-day suspension to revocation of the brokers' licenses, the Commission was relying in part on its finding that LaRossa's actions violated subsection (k) of section 475.25(1). Since we have reversed the Commission's finding with regard to subsection (k), we must remand this cause to the Commission for reconsideration of the penalty imposed. See Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978). Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
NOTES
[1] DuPont is wholly owned by LaRossa, and LaRossa acts as president of the corporation.
[2] The board may deny an application for licensure or renewal, may suspend a license for a period not exceeding 10 years, may revoke a license, may impose an administrative fine not to exceed $1,000 for each count or separate offense, or may issue a reprimand, if it finds that the licensee or applicant has:
.....
(b) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction in this state or any other state, nation, or territory; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express, or implied, in a real estate transaction; has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design, or scheme to engage in any such misconduct and has committed an overt act in furtherance of such intent, design, or scheme. It shall be immaterial to the guilt of the licensee that the victim or intended victim of the misconduct has sustained no damage or loss; that the damage or loss has been settled and paid after discovery of the misconduct; or that such victim or intended victim was a customer or a person in confidential relation with the licensee, or was an identified member of the general public;
.....
(k) Failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check, or draft entrusted to him by any person dealing with him as a broker in escrow with a title company, banking institution, or savings and loan association located and doing business in Florida, or to deposit such funds in a trust or escrow account maintained by him with some bank or savings and loan association located and doing business in Florida, wherein the funds shall be kept until disbursement thereof is properly authorized; or failed, if a salesman, to immediately place with his registered employer any money, fund, deposit, check, or draft entrusted to him by any person dealing with him as agent of his registered employer. The board shall establish rules and regulations to provide for records to be maintained by the broker and the manner in which such deposits shall be made... .
[3] In order to recover the money from LaRossa, the nephew had to file a civil action and acquire a judgment against his uncle. This judgment was finally satisfied by LaRossa on the day of the hearing involved in the present case.