489 So.2d 883 (1986)
Steven VAN ORE, M.D., Appellant,
v.
BOARD OF MEDICAL EXAMINERS, Appellee.
No. 85-1125.
District Court of Appeal of Florida, Fifth District.
June 12, 1986.
*884 Paul Watson Lambert, Tallahassee, for appellant.
William M. Furlow, Sr. Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
UPCHURCH, Judge.
This is an appeal from a final order of the Florida Board of Medical Examiners for disciplinary action against appellant, Dr. Steven Van Ore.
Van Ore was initially charged in an administrative complaint with forty-one counts of malpractice. He moved to dismiss on grounds that there was an insufficient probable cause determination. The Department of Professional Regulation countered that the motion to dismiss was untimely and any alleged error was cured by the filing of an amended administrative complaint. A second probable cause hearing was conducted and the panel determined that the amended complaint was sufficiently documented. The amended complaint alleged Van Ore was guilty of malpractice in supervising his physician's assistants, malpractice in prescribing controlled substances to five patients, and gross malpractice based on these activities. An administrative hearing was held before a hearing officer during which both parties presented witnesses. In his findings of fact, the hearing officer stated that Van Ore's medical witnesses based their expert testimony upon a complete review of the patients' records while the department's medical witness did not review the records or familiarize himself with the patients' treatment.
In the conclusions of law, the hearing officer first addressed Van Ore's prescription practices for the patients as covered by section 458.331(1)(g), (h), (q) and (t), Florida Statutes (1985) and section 893.05(1), Florida Statutes (1985). The officer concluded that the weight of the evidence presented by the department did not clearly and convincingly establish a violation of these sections because:
The Respondent's prescriptions of the Schedule II controlled substances in question to each of the four patients named in the Amended Complaint were for medically justifiable purposes and in quantities which were not inappropriate or excessive under the circumstances involving those difficult to treat patients. The Respondent's method of treatment of the four patients is reasonable under the circumstances, and the Petitioner did not present sufficient evidence to warrant a conclusion that the treatment of the patients was unreasonable. Although reasonable physicians may differ in the treatment of patients, such difference of opinion does not make a particular treatment unreasonable or harmful. As established by Respondent's expert witnesses, whose opinions have been accepted, the prescriptions of Schedule II controlled substances as to each of the four patients named in the Amended Complaint was in the course of the Respondent's professional practice. As to each of those patients the prescriptions were made in good faith and in a bona fide effort to alleviate their suffering. It was not shown that the Respondent engaged in the making of any deceptive, untrue or fraudulent representation in the practice of medicine or employed a trick or scheme in the practice as to his treatment of each of those four patients named in the complaint. (citations omitted)
With regard to the charges associated with Van Ore's use of physician's assistants, the hearing officer found that no evidence was presented concerning one of the assistants and that the only violation established *885 by the department was under section 458.331(1)(aa), Florida Statutes (1985), because Van Ore had furnished "presigned prescription blanks to Gary Chase as a physician's assistant to be used in his absence." The officer recommended that the Board of Medical Examiners find Van Ore guilty of violating section 458.331(1)(aa) and that the penalty of a written reprimand be imposed. The Board accepted the hearing officer's findings of fact and conclusions of law, but felt that the recommended penalty was too lenient. By relying on the offense proven and Van Ore's "liberal prescribing practices," the Board imposed a penalty of two years probation subject to continuing medical education and semi-annual appearances in addition to the recommended reprimand.
The issue presented on appeal is whether the board failed to state with particularity its reasons for increasing the recommended penalty. Section 120.57(1)(b)9, Florida Statutes (1985) provides, in relevant part:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
Van Ore contends that the board improperly increased the hearing officer's recommended reprimand by imposing a two year probation with conditions. At the hearing before the board, the board's attorney reminded the members of the requirements of section 120.57(1)(b)9 and stated:
You found the doctor guilty of only leaving blank . .. presigning blank prescription pads. And while there may be material in the record that would disturb you, I would strongly urge you to fashion your penalty to be consistent with what you have found him guilty of for the sake that someone might believe otherwise.
Board members discussed the penalty at length and voted down a motion to adopt the recommended penalty before deciding on the enhanced penalty. The members were concerned by indications in the record showing "liberal prescribing practices" and by the need to be able to review Van Ore's prescription practices. The board voted to approve the enhanced penalty even after recognizing that there was no finding by the hearing officer of irregularity in Van Ore's prescription practices. The final order states:
Upon a complete review of the record in this case, the Board determines that the penalty recommended by the hearing officer be REJECTED as being too lenient under the circumstances. In light of the offense proven, coupled with the liberal prescribing practices as evidenced in this record, the Board believes that the more appropriate penalty is the recommended reprimand and a two-year probation subject to semiannual appearances and continuing medical education... .
In the decision of Lazarus v. Dept. of Professional Regulation, 461 So.2d 1022 (Fla. 3d DCA 1985), the court remanded the cause to the Board of Medical Examiners to enter a new final order after the board had failed to give valid reasons for increasing the recommended penalty. In LaRossa v. Dept. of Professional Regulation, 474 So.2d 322 (Fla. 3d DCA 1985), the Real Estate Commission accepted the hearing officer's finding of facts and conclusions of law but increased the recommended penalty from a ninety-day suspension to revocation of the realtor's license. The appellate court reversed one violation because the realtor was not dealing dishonestly in his professional capacity, but was dealing in his personal capacity. Since this violation was the basis for enhancing the penalty, the case was remanded for further proceedings.
Based on the record in the instant case, it is clear that Van Ore was not found guilty of illegal or negligent prescription practices, but his penalty was increased for "liberal" prescription practices. The Board adopted the hearing officer's findings of fact and conclusions of law. The Board made no attempt to equate "liberal" practices with improper practices. While the *886 record does show numerous instances where Van Ore prescribed large amounts of highly addictive narcotics over short periods of time, the final order does not state with particularity the reasons why the practices were determined to be "liberal" and, if liberal, state why this was improper. As was done in Lazarus and LaRossa, the final order must be remanded for the board to either impose the recommended penalty or to restate with particularity reasons for increasing the penalty.
As to the other points raised by Van Ore, we find no error and affirm.
AFFIRMED in part; REVERSED and REMANDED in part.
COBB, C.J., and COWART, J., concur.