NESBITT, Judge.
This is an appeal from a final summary judgment entered for the defendant attorney in a legal malpractice case. We reverse.
Alberto Oteiza, a physician, employed Harold M. Braxton, an attorney, to represent him in an appeal of a final order of the Board of Medical Examiners, which found Oteiza subject to disciplinary action pursuant to section 458.331(l)(w), Florida Statutes (1983), and which suspended his license to practice medicine for three years. After the appeal was dismissed due to Braxton’s failure to timely file the petition for review, Oteiza commenced the legal malpractice action which is the subject of this appeal. Braxton moved for summary judgment, contending that had the appeal been timely filed, it would have nonetheless been unsuccessful. Summary judgment was granted, and this appeal ensued.
Oteiza was originally charged with violating three subsections of section 458.-331(1), Florida Statutes (1983): subsection (g) involving the aiding, assisting, procuring, or advising of unlicensed persons in the practice of medicine; subsection (w) involving the delegation of professional responsibilities to unqualified and unlicensed persons; and subsection (aa) involving the pre-signing of blank prescription forms. The hearing officer determined Oteiza to be guilty only of three violations of subsection (w). He found insufficient evidence to substantiate the other charges. The recommended order stated that, as medical director of a clinic employing physician’s assistants, Oteiza was responsible for failure to ensure that the workers were certified, pursuant to section 458.331(l)(w). The hearing officer recommended a one-year suspension of the physician’s license to practice medicine; however, for reasons discussed herein, the board increased the penalty, imposing a three-year suspension.
Oteiza stakes his claim that an appeal challenging the increased penalty would have been successful on the allegation that the record of the board’s hearing reveals that the board made improper findings by its implicit determination that he was in violation of all the charges alleged, not just those identified in the explicit findings of the hearing officer and the board. The physician contends that the board improperly increased his penalty based on these alleged de facto or implicit findings. Thus, Oteiza claims, he would have prevailed on appeal if Braxton had timely filed the petition for review because this court would have found the board’s penalty reversible due to that body’s erroneous findings which constituted an abuse of discretion and which were themselves reversible. On this basis, Oteiza contends that his suit against Braxton for legal malpractice was sustainable, and summary judgment was erroneously entered. We agree.
In order to recover damages for legal malpractice, a party who has been denied his right to appeal due to an attorney’s failure to timely file a petition for review to the appropriate court must show that but for the attorney’s negligence, the appeal most probably would have been successful. See Daugert v. Pappas, 104 Wash.2d 254, 704 P.2d 600, 606 (1985); Floyd v. Kosko, 285 S.C. 390, 329 S.E.2d 459 (App.1985). We, therefore, shall proceed to analyze the merits of Oteiza’s underlying claim that the board’s penalty was an- abuse of discretion and was reversible. In undertaking review of a penalty imposed by an administrative agency, an appellate court must adhere to the scope of review set forth in Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978). In that case, the supreme court held that an agency penalty which falls within the permissible range prescribed by law can only be overturned where the appellate court reverses in part the agency’s findings. In the instant case, the Board of Medical Examiners professed to adopt the findings of fact and conclusions of law of the hearing officer. After intense discussion concerning Oteiza’s guilt on all charges, including those alleged but found to be unproven, the board then increased the penalty from a one-year to a three-year suspension. The increased pen *950 alty was within the permissible statutory-range.[1]
The explicit findings of fact and conclusions of law issued by the hearing officer and approved by the board are not disputed by Oteiza. Finding that there was insufficient evidence to hold Oteiza guilty of the charge of pre-signing prescription forms and aiding and abetting unlicensed doctors in the practice of medicine, the hearing officer held that the evidence supported only the finding that Otei-za was the medical director at a clinic which employed three uncertified physician’s assistants. The hearing officer then fashioned a penalty based on these findings.
The record reveals that at the hearing before the Board of Medical Examiners, board members discussed at great length their beliefs that Oteiza was guilty of all the charges. While there arguably existed evidence that Oteiza sanctioned the practice of unlicensed doctors at the clinic and that he pre-signed prescription forms, the board clearly did not find the evidence substantial enough to alter the findings of fact or conclusions of law reached by the hearing officer.[2] Nevertheless, when it came time to discuss the penalty to be imposed, the crux of the board’s discussion centered on the need to penalize the physician harshly for all the offenses charged and to send a message to the medical community that the practice of medicine by unlicensed persons would not be tolerated. Following that discussion, the board increased the penalty threefold, ostensibly basing the suspension on the findings of the hearing officer.
Based on the foregoing, it is apparent that the board did indeed make de facto findings that Oteiza was guilty of the charges which the final order itself explicitly held were unproven. Such action was an abuse of discretion. See Clark v. Department of Professional Regulation, Bd. of Medical Examiners, 463 So.2d 328 (Fla. 5th DCA), review denied, 475 So.2d 693 (Fla.1985); § 120.68(12), Fla.Stat. (1983). Because these de facto findings were reversible and could well have formed the basis of the increased penalty, this court most probably would have reversed and remanded the case to the board for reconsideration of the penalty imposed.[3] LaRossa v. Department of Professional Regulation, Div. of Real Estate, 474 So.2d 322 (Fla. 3d DCA 1985); see Van Ore v. Board of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986). Accordingly, we hold that but for the attorney’s negligence, the appeal most probably would have been successful.
In order to prevail on the merits of his legal malpractice claim, Oteiza must, of course, also demonstrate that he would most probably have obtained relief after remand to the Board of Medical Examiners. *951 If the physician shows that the board most probably would have imposed a reduced penalty on remand, then he will have demonstrated injury by his being deprived of his appeal; if, however, the board most probably would have reimposed the same penalty, then the legal malpractice action must fail, for no injury will have been shown. Better Homes, Inc. v. Rodgers, 195 F.Supp. 93 (N.E.W.Va.1961); R. Mallen & J. Smith, Legal Malpractice § 24.39 (3d Ed.1989).
In evaluating the latitude which would have been available to the board on a remand, we would note that there is one respect in which the board would not have been confined to the findings of fact which the members had approved. At the disposi-tional hearing the physician and his counsel were allowed to be heard. At that time, several board members, with the consent of appellant’s counsel, asked appellant several questions about the events giving rise to the disciplinary proceeding. Those questions and statements were made on the record prior to the imposition of discipline. As the physician had not testified before the hearing officer, his statements before the board itself supplied additional information not contained in the record before the hearing officer, and may have in substance admitted some of the matters as to which there had been insufficient proof before the hearing officer. The statements of Oteiza, made on the record and in the presence of counsel, were part of the record before the board for purposes of administering discipline, and could properly be taken into account by the board in deciding whether to depart from the hearing officer’s recommended penalty. See Hodge v. Department of Professional Reg., 432 So.2d 117, 118-19 (Fla. 5th DCA 1983). While Hodge, like the present case, involved statements made for the purposes of explanation and mitigation, the board may properly consider those statements in deciding discipline, even if the appellant’s statements persuaded the board to increase, rather than reduce, the penalty.
On the basis of the foregoing, it was error to enter summary judgment for Brax-ton.
Finding no merit in the other issue raised, we reverse and remand the cause to the trial court.

. Pursuant to section 458.331(4), Florida Statutes (1983), the Board of Medical Examiners is authorized to establish guidelines for the disposition of disciplinary cases involving violations. At the time Oteiza was disciplined, the penalty for violation of section 458.331(l)(w) ranged anywhere from a reprimand to license revocation or an unspecified period of license suspension. Fla.Admin.Code Rule 21M-20.01 (1979).

. The record shows that after the board adopted the recommended order's findings of fact, a board member moved to reject the conclusions of law, with the intent to propose that the physician be found guilty of all charges alleged. At that point, the board's counsel advised that since the board had adopted the findings of fact, it had to adopt the conclusions of law. The motion to reject the conclusions of law was withdrawn; all findings were adopted; and the penalty was then increased instead. The board would have done well to heed the advice of its counsel to change the complete findings if members, in fact, believed proper grounds existed to do so.

.In 1983, when disciplinary charges were instituted against Oteiza, section 120.57(l)(b)9, Florida Statutes did not require an agency to justify on the record its reasons for increasing a penalty. However, in 1984, the statute was amended and now requires an agency to "stat[e] with particularity its reasons [for increasing a penalty), by citing to the record in justifying the action.” Ch. 84-173, § 2, Laws of Fla. Clearly the legislature amended the statute to preclude agency actions of the sort which occurred here.
Our analysis does not depend on the 1984 statutory amendment. Even under the earlier version, both the statute and the due process clause would have prevented imposition of discipline predicated on unsubstantiated charges treated as de facto factual findings.