WENTWORTH, Judge.
Appellant seeks review of an administrative order by which appellee Department of Professional Regulation, through its Board of Medicine, suspended appellant’s medical license. The duration of this suspension exceeds the penalty which the hearing officer had recommended. Although we find no error with regard to appellant’s other contentions, we do find that the Board did not fully and adequately delineate the basis for increasing the recommended penalty. We therefore reverse the order appealed.
Appellant was licensed to practice medicine in both Florida and New York, and the current proceeding ensued after disciplinary action was taken by the licensing authority in New York for violations which had occurred in that state. The New York licensing authority acted upon appellant’s *487 conviction for violating a public health law which prohibits calculating medical office rental fees on a percentage of earnings, and upon appellant’s false reporting and false representation of a medical certification. The proceeding in Florida was based upon this New York action, as appellant was charged with violating section 458.-331(l)(b), Florida Statutes, which specifies that disciplinary action may be taken in this state when a license has been “acted against” by the licensing authority of another jurisdiction. After an administrative hearing on this charge the hearing officer recommended that appellant’s Florida license be suspended for one year or until such time as he satisfies certain conditions including the reinstatement of his New York license. The Board of Medicine adopted the hearing officer’s recommended findings, but increased the penalty so as to suspend appellant’s license in Florida for one year and until such time as the various other conditions are satisfied.
The order increasing the recommended penalty recites that:
Rule 21M-20.001(l)(b), F.A.C., provides for discipline for action taken in another jurisdiction to be the discipline which would have been imposed if the substantive violation had occurred in Florida.
Although this explanation identifies a permissible basis for the Board’s action, and it does not appear that the hearing officer considered the applicability of the cited rule, the order does not specify the asserted substantive Florida violation had appellant’s conduct occurred in this state. While appellant’s conduct in New York, as indicated by the substantive violations in that state, might be such as would also constitute substantive violations in Florida, the Board’s failure to delineate a particular substantive Florida violation does not fully satisfy the Board’s obligation, as mandated by section 120.57(l)(b)10, Florida Statutes, to provide a particularized statement of the reason for increasing the recommended penalty.
Appellee concedes that the Board’s order is deficient, but contends that it should be afforded the opportunity to enter a more thorough and explicit order on remand. Because the order now being appealed reflects a legally permissible basis for the challenged action, on remand the Board may address the matter with greater particularity should it again decide to increase the recommended penalty. See Van Ore v. Board of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986); see also, Pages v. Department of Professional Regulation, 542 So.2d 456 (Fla. 3d DCA 1989).
The order appealed is reversed and the cause remanded.
MINER and WOLF, JJ., concur.