810 So.2d 1049 (2002)
HUFF GROVES TRUST; Vista Packing Company; Dearhardt Groves, Inc.; T & T Enterprises; Gardner Harvesting, Inc.; and Nevins Fruit Co., Inc., Appellants,
v.
CAULKINS INDIANTOWN CITRUS CO., a Delaware Corporation, Via North America, Inc., a Delaware Corporation; and Compagnie Financiere de Paribas, as successor in interest to compagnie de Navigation Mixte, a Foreign Corporation, Appellees.
No. 4D01-311.
District Court of Appeal of Florida, Fourth District.
March 13, 2002.
Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellants.
Mark P. Dikeman of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for Appellee-Caulkins Indiantown Citrus Co.
STONE, J.
We affirm a final summary judgment entered against Appellants (Plaintiffs) and in favor of Caulkins Indiantown Citrus Co. (Caulkins).
Caulkins operates a citrus processing facility. Each of the plaintiffs sold fruit to Caulkins for processing pursuant to participation contracts in various growing seasons between 1988 and 1994.
In 1996, the plaintiffs sued Caulkins for breach of contract. In that action, the plaintiffs challenged Caulkins' calculations with respect to the amount of compensation owed the plaintiffs under the "pool" return provisions of their participation contracts. After a trial, a jury found that Caulkins had breached its contractual obligations to the plaintiffs, and damages were *1050 awarded to Huff Groves Trust, Vista Packing Company, and Dearhardt Groves, Inc. Summary judgment had already been entered against two of the plaintiffs, T & T Enterprises and Gardner Harvesting, Inc., because of the running of the statute of limitations. Final judgment was entered on January 15, 2001. Caulkins appeal of that final judgment is presently on separate appeal.
In the midst of litigation on the breach of contract action, the plaintiffs filed a separate action against Caulkins for civil theft. In this separate lawsuit, founded on the same facts as the contract action, the plaintiffs claim that Caulkins engaged in business and bookkeeping practices that reduced their pool financial return, improperly charged interest to the pool return, improperly charged depreciation, and failed to credit certain sums due under the participation contracts. The complaint alleged that Caulkins "deliberately and actively" concealed these business practices and engaged in fraudulent misrepresentations so as to perpetuate concealment of the practices.
In September 2000, Caulkins moved for summary judgment on the civil theft action, asserting that the complaint was barred by, among other reasons, the doctrine of res judicata, as to two of the plaintiffs, T & T and Gardner, and the statute of limitations as to the remaining plaintiffs. After the jury verdict was entered against Caulkins in the separate breach of contract case, Caulkins filed a supplement to its motion for summary judgment, arguing that as a result of the jury verdict and pending final judgment, the remaining plaintiffs' civil theft claim was also barred under res judicata.
The court granted the motion based on all of the grounds asserted. As we agree with the trial court's conclusion that all of the plaintiffs were barred by the doctrine of res judicata, as a matter of law, we need not address the other grounds argued on appeal.
The supreme court has recognized that under the doctrine of res judicata:
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984); see also Youngblood v. Taylor, 89 So.2d 503 (Fla.1956). This court has also outlined what is intended to be precluded under the concept of res judicata:
When a valid and final judgment rendered in an action extinguishes the plaintiff's claim ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connection transactions, out of which the action arose.... From one episode or transaction one cause of action emerges, though different theories of liability may exist.
Signo v. Fla. Farm Bureau Cas. Ins. Co., 454 So.2d 3, 5 (Fla. 4th DCA 1984) (citations omitted).
Res judicata bars this action for civil theft. This action is merely a different theory of liability based on the same transactions out of which the breach of contract action arose. Therefore, it should have been included within the breach of contract action. Because it was not, the cause of action for civil theft is barred by the prohibition against splitting causes of action and res judicata. See Fla. Patient's Comp. Fund v. St. Paul Fire and Marine Ins. Co., 535 So.2d 335, 338 (Fla. 4th DCA 1988)("one cannot re-visit the same transaction *1051 or occurrence, already adjudicated between the same parties, by resort to a new legal theory in a separate lawsuit").[1]
Therefore, the judgment is affirmed.
POLEN, C.J. and STEVENSON, J., concur.
NOTES
[1] We recognize that the final judgment in the contract case had not been rendered by the date that the trial court considered the summary judgment motion in this case. However, the verdict had already been rendered in the other suit and entry of the final judgment was then pending and its execution imminent. Once the final judgment was entered, as it was within a few days, it became res judicata with respect to the civil theft action.