DDISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL E. KOWALLEK,**
Appellant,

v.

**LEE REHM, PORT ST. LUCIE POLICE DEPARTMENT, CITY OF PORT ST. LUCIE, FLORIDA POWER AND LIGHT COMPANY,** and **ASPLUNDH TREE EXPERT COMPANY,**
Appellees.

No. 4D14-4581

[January 13, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562014CA001633.

Daniel E. Kowallek, Port St. Lucie, pro se.

No brief filed on behalf of appellees.

CIKLIN, C.J.

Daniel Kowallek ("Kowallek") appeals an order dismissing his case with prejudice as to two defendants, Florida Power and Light Company and Asplundh Tree Expert Company ("the defendants"), contending that the trial court erred in granting the motion filed by the defendants on the bases of res judicata and collateral estoppel. Although we agree that the action should not have been dismissed pursuant to the doctrine of res judicata, we affirm on the basis of collateral estoppel.

In a prior lawsuit, Kowallek asserted negligence claims against the defendants, alleging that they improperly trimmed a tree on a utility easement located on his property. In that prior case, Kowallek sought to address tree trimming procedures to prevent future damage to Kowallek's property. A final judgment was rendered ordering that Kowallek had thirty days to remove the vegetation in the easement, and that if he did not do so, the defendants then had a right to remove the vegetation. The thirty-day period expired and because Kowallek took no action, the defendants removed the vegetation, as permitted by the final judgment.

Kowallek then filed the action below against the defendants and several other parties claiming negligence, trespass, destruction of private property, and alleged that the defendants did not remove vegetation in compliance with the final judgment.

Looking to the instant complaint, the prior complaint, and the final judgment (the latter two of which were incorporated into the complaint by reference), the trial court dismissed the instant action with prejudice on the bases of res judicata and collateral estoppel.

This court has defined res judicata as follows:

> "A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

*Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (quoting *Huff Groves Trust v. Caulkins Indiantown Citrus Co.*, 810 So. 2d 1049, 1050 (Fla. 4th DCA 2002)).

Similarly, the doctrine of collateral estoppel, or issue preclusion, "bars relitigation of the same issue between the same parties which has already been determined by a valid judgment," even where the present and former cause of action are not the same. *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 525 (Fla. 4th DCA 2005) (citations omitted). While collateral estoppel and res judicata are affirmative defenses that may not ordinarily form the basis for a motion to dismiss, they may be appropriate where a plaintiff specifically incorporates prior proceedings into his complaint. *Duncan v. Prudential Ins. Co.*, 690 So. 2d 687, 688 (Fla. 1st DCA 1997).

Here, dismissal of the action pursuant to res judicata was not appropriate because the causes of action alleged in the second complaint were different from the first, as they were based on events that occurred after the entry of the final judgment in the first case, and they involved some additional parties. However, the trial court did not err in dismissing the motion on the basis of collateral estoppel because in his second complaint, Kowallek attempted to relitigate the same issue as the first. That is, the defendants' removal of vegetation on Kowallek's property.

2

While Mr. Kowallek may wish to pursue a course of action before the trial court that originally permitted entry onto his easement and therein allege that the defendants were unreasonable in their entry, no such action lies here.

*Affirmed.*

GROSS and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***