PNC BANK, NATIONAL
ASSOCIATION,
Appellant,

v.

INLET VILLAGE CONDOMINIUM AS-
SOCIATION, INC. and 40 N.E. Planta-
tion Road # 306, LLC, Appellees.

Nos. 4D15–266, 4D15–3057.

District Court of Appeal of Florida,
Fourth District.

Nov. 9, 2016.

Matthew A. Ciccio and Steven C. Rubino of Aldridge Pite, LLP, Delray Beach, and Steven B. Greenfield and Avri Ben–Hamo of Greenfield Law Group, Boca Raton, for appellant.

Robert G. Rydzewski, Jr. of Treasure Coast Legal, Stuart, for appellees.

DAMOORGIAN, J.

PNC Bank, National Association ("PNC Bank"), appeals: (1) the dismissal of its declaratory action against Inlet Village Condominium Association, Inc. (the "Association") in case 4D15–266; and (2) the summary final judgment entered in favor of 40 N.E. Plantation Road, # 306, LLC (the "LLC") in case 4D15–3057.[1] The central issue in both cases is whether the doctrine of collateral estoppel precludes PNC Bank from seeking entitlement to the safe harbor protection for unpaid assessments contained in section 718.116, Florida Statutes (2015). We reverse in both cases.

*Background*

In July 2008, PNC Bank's predecessor initiated a mortgage foreclosure action against the owner of a condominium unit governed by the Association and joined as a defendant the Association. However, the Association was dismissed with prejudice from the foreclosure action as a sanction for PNC Bank's predecessor's failure to comply with the court's pre-trial orders. The foreclosure action was later voluntarily dismissed in 2011.

In 2012, PNC Bank, as successor in interest to the first mortgagee, refiled the foreclosure action and again joined the Association as a defendant. The Association raised res judicata as an affirmative defense, arguing that it was improperly named as a defendant in light of the court's prior order involuntarily dismissing it with prejudice from the 2008 foreclosure action. The court agreed with the Association and involuntarily dismissed it as a defendant. PNC Bank was ultimately awarded a final judgment of foreclosure against all the remaining defendants.

After obtaining title to the condo unit at the foreclosure sale, PNC Bank asked the Association for an estoppel letter outlining any past due assessments. The Association responded that $74,279.46 was due and owing for unpaid assessments, which included unpaid assessments dating back to July 2008. PNC Bank refused to pay the amount claimed by the Association and instead filed a complaint for declaratory relief. In its complaint, PNC Bank specifically alleged that as a first mortgagee who obtained title to the subject property via foreclosure, its liability for unpaid assessments was limited pursuant to the "safe harbor" provision contained in section 718.116, Florida Statutes.

---

**1.** These two cases were consolidated for panel purposes but the parties briefed the cases individually. We, *sua sponte,* also consolidate them for purposes of this opinion.

While PNC Bank's declaratory action was pending, the LLC purchased the Association's collection rights. The LLC then intervened in the declaratory action and moved to dismiss the case with prejudice based upon the doctrine of collateral estoppel. Specifically, the LLC argued that PNC Bank was collaterally estopped from bringing its action because the involuntary dismissal of the Association from the 2012 foreclosure action operated as an adjudication on the merits regarding the superiority of the assessment lien over PNC Bank's mortgage lien. Accordingly, the LLC maintained that PNC Bank was no longer entitled to section 718.116's safe harbor protection. The court adopted the LLC's argument and dismissed PNC Bank's complaint with prejudice. PNC Bank timely appealed the dismissal of its complaint in case 4D15–266.

After the dismissal of PNC Bank's declaratory action, the LLC sued PNC Bank for the unpaid assessments and interest. The LLC was successful in this lawsuit and obtained final summary judgment against PNC Bank in the amount of $79,357.03. PNC Bank timely appealed the summary final judgment in case 4D15–3057.

*Analysis*

The standard of review of both an order dismissing a complaint with prejudice and an order granting summary judgment is de novo. *See Aronowitz v. Home Diagnostics, Inc.,* 174 So.3d 1062, 1065 (Fla. 4th DCA 2015); *Stubbs v. Plantation Gen. Hosp. Ltd. P'ship,* 988 So.2d 683, 684 (Fla. 4th DCA 2008). Similarly, "[a] trial court's ruling concerning the application of ... collateral estoppel is also reviewed de novo." *Aronowitz,* 174 So.3d at 1065.

When considering a motion to dismiss, trial courts are not permitted to "go beyond the four corners of the com-plaint in considering the legal sufficiency of the allegations." *Barbado v. Green & Murphy, P.A.,* 758 So.2d 1173, 1174 (Fla. 4th DCA 2000). Similarly, trial courts generally may not consider affirmative defenses, such as collateral estoppel, at the motion to dismiss stage. *Id.* Consideration of affirmative defenses, however, is permissible "where a plaintiff specifically incorporates prior proceedings into his complaint." *Kowallek v. Lee Rehm,* 183 So.3d 1175, 1177 (Fla. 4th DCA 2016).

"In Florida, collateral estoppel bars relitigation of the same issue between the same parties which has already been determined by a valid judgment." *Zikofsky v. Mktg. 10, Inc.,* 904 So.2d 520, 525 (Fla. 4th DCA 2005). Furthermore, "[c]ollateral estoppel applies even when a present and former cause of action are different and it bars relitigation of specific issues ... that were *actually litigated* and decided in the former suit." *Id.* (emphasis added).

In the present case, the trial court dismissed PNC Bank's declaratory action based on its finding that the involuntary dismissal of the Association from the foreclosure action rendered the assessment lien superior to the mortgage lien, thereby precluding PNC Bank's entitlement to section 718.116's safe harbor protection.

Section 718.116, Florida Statutes, addresses liability for condominium assessments and provides, in relevant part, that "a unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner." § 718.116(1)(a), Fla. Stat. (2015). The statute provides the following safe harbor provision for qualifying first mortgagees:

(b)1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:

a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

b. One percent of the original mortgage debt. . . .

§ 718.116(1)(b)1., Fla. Stat. Subsection 718.116(1)(f) makes clear, however, that the above safe harbor provision "shall not be available in any case where the unpaid assessments sought to be recovered by the association are secured by a lien recorded prior to the recording of the mortgage." § 718.116(1)(f), Fla. Stat.

■ For the reasons discussed below, we hold that the Association's dismissal from the foreclosure action did not preclude PNC Bank's entitlement to section 718.116's safe harbor protection and, therefore, dismissal of PNC Bank's action based on the doctrine of collateral estoppel was not appropriate.

First, the involuntary dismissal of the Association from the foreclosure action did not render the assessment lien superior to the mortgage lien. The Association was involuntarily dismissed from PNC Bank's 2012 foreclosure action because it was involuntary dismissed from the 2008 foreclosure action as a sanction against the previous bank. This sanction could not, as a matter of law, render the Association's assessment lien superior to the first mortgage lien. *See U.S. Bank Nat'l Ass'n v. Farhood,* 153 So.3d 955, 957–58 (Fla. 1st DCA 2014) (holding that the trial court exceeded its authority in declaring the association's lien superior to the foreclosing bank's mortgage lien as a sanction for delay tactics because "[t]he court's declaration of lien priority as a sanction impermissibly overlook[ed] the common law and encroache[d] on the Legislature's codification of well-established property rights"); *see also Holly Lake Ass'n v. Fed. Nat'l Mortg. Ass'n,* 660 So.2d 266, 268 (Fla.1995) (recognizing that the applicable rule in Florida governing priority of lien interests is "first in time is first in right").

Second, even if the trial court had the authority to declare the Association's lien superior to the mortgage lien as a *sanction,* the fact remains that the issue of lien priority was never actually *litigated. See Goodman v. Aldrich & Ramsey Enters., Inc.,* 804 So.2d 544, 547 (Fla. 2d DCA 2002) (providing that for collateral estoppel to apply, the issue "must have been actually litigated"). Nor would it change the fact that PNC Bank, as the holder of the mortgage who obtained title to the subject property via foreclosure sale, qualified as a first mortgagee regardless of the fact that the Association's assessment lien survived the foreclosure action. *See Beltway Capital, LLC v. Greens COA, Inc.,* 153 So.3d 330, 333 (Fla. 5th DCA 2014) (holding that because the bank "held the mortgage when it acquired title by foreclosure, it was entitled to safe harbor as a 'first mortgagee' without further regard to whether it was also an assignee").

Third, and aside from the fact that no recorded claim of lien appears in either record on appeal, the Association's assessment lien, if any, could not have been recorded prior to the recording of the first mortgage lien. This is because the record evidence establishes that the Association only sought unpaid assessments dating back to 2008, five years after the mortgage lien was recorded in 2003. *See*

§ 718.116(5)(a), Fla. Stat. (providing that with regard to first mortgages of record, an association's "lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is located").

Accordingly, we reverse the trial court's dismissal of PNC Bank's complaint in case 4D15–266 and remand for further proceedings consistent with this opinion. We also reverse the summary judgment in case 4D15–3057 and remand for entry of summary judgment in favor of PNC Bank who is entitled to section 718.116's safe harbor protection for unpaid assessments.

*Reversed and remanded.*

CIKLIN, C.J., and MAY, J., concur.