DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY D. MURPHY,**
Appellant,

v.

**JOHN J. PANKAUSKI, ALLISON R. SABOCIK,** and
**PANKAUSKI LAW FIRM, PLLC,**
Appellees.

No. 4D17-1935

[February 22, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 502014CA005344.

Timothy D. Murphy, Riverside, California, pro se.

William M. Martin of Peterson Bernard, Fort Lauderdale, for appellees.

KLINGENSMITH, C.J.

Appellant Timothy Murphy timely appeals the trial court's order dismissing his third amended complaint with prejudice against John J. Pankauski, Allison R. Sabocik, and Pankauski Law Firm, PLLC (collectively "appellees"), for failing to state a cause of action. Although we affirm the court's dismissal of counts one, two, three, four, and six as stated in the complaint, we reverse the dismissal of count five and remand for further proceedings.

Appellant hired appellees to represent him in a dispute relating to trusts created by each of his parents. Appellees later withdrew from the case and ceased representing appellant on all matters. Appellant filed suit alleging five counts of legal malpractice and one count of unjust enrichment. After appellant twice attempted to amend his complaint, appellees moved to dismiss the third amended complaint with prejudice by arguing that a legal malpractice action does not exist where an attorney withdraws from representation prior to the expiration of the statute of limitations on the claims asserted, and that appellant did not allege any applicable statute of limitations had expired. Further, appellees argued appellant's alleged damages were simply litigation expenses that would

have been incurred regardless of any alleged negligence, and that the third amended complaint did not contain any allegations that appellees continued to charge appellant after they withdrew from representation.

The trial court found the third amended complaint to be "largely identical to prior complaints found to be defective and deficient," only adding new allegations related to additional litigation costs incurred by appellant. The court agreed with appellees that litigation expenses are not considered damages, found it relevant that "at least two of the [appellant's] underlying cases" were still pending at the time of the order, and noted appellant's claims for negligence were not supported by any legal authority. The trial court dismissed the complaint in its entirety and ordered "that any further amendments would be futile and would only succeed in subjecting [appellees] to further unnecessary costs and expenses, as well taxing [the] court's limited judicial resources."

The standard of review of a motion to dismiss is de novo. *Bell v. Indian River Mem'l Hosp.*, 778 So. 2d 1030, 1032 (Fla. 4th DCA 2001); *see also PNC Bank, Nat'l Ass'n v. Inlet Vill. Condo. Ass'n, Inc.*, 204 So. 3d 97, 99 (Fla. 4th DCA 2016) ("The standard of review of . . . an order dismissing a complaint with prejudice . . . is de novo."). "When considering a motion to dismiss, trial courts are not permitted to 'go beyond the four corners of the complaint in considering the legal sufficiency of the allegations.'" *PNC Bank*, 204 So. 3d at 99 (quoting *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000)). "In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004).

We first find no error in the trial court dismissing counts one through four of the third amended complaint. Appellant did not allege damages in those counts that were sufficient to establish a cause of action for legal malpractice. *Throneburg v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, P.A.*, 659 So. 2d 1134, 1136 (Fla. 4th DCA 1995). In counts one through four, appellant's claimed damages were based on additional costs incurred due to appellees' alleged negligence, specifically legal fees that appellant would have nonetheless incurred. The complaint does not allege any damages incurred but for appellees' breach. Rather, the complaint alleges the withdrawal of representation only caused appellant to litigate the matters himself without alleging any additional unnecessary expenditures incurred due to appellees' actions. If a client fails to sufficiently allege in a malpractice claim that he or she would not have suffered harm "but for" the attorney's negligence, no cause of action will

lie. *See Oteiza v. Braxton*, 547 So. 2d 948, 949 (Fla. 3d DCA 1989) (a party must show that they would have been successful in their case "but for the attorney's negligence"); *see also KJB Vill. Prop., LLC v. Craig M. Dorne, P.A.*, 77 So. 3d 727, 730 (Fla. 3d DCA 2011) (quoting *Oteiza*, 547 So. 2d at 949).

Additionally, these four counts allege only that appellees were negligent in several different areas and did not state with any specificity how their actions caused compensable harm to appellant. In other words, the complaint "does not state what appellees may have done wrong . . . and does not illuminate any specifics of the alleged malpractice." *Rios v. McDermott, Will & Emery*, 613 So. 2d 544, 545 (Fla. 3d DCA 1993) (dismissing a fifth amended complaint and noting a complaint must "plead more than the naked legal conclusion that the defendant was negligent") (quoting *Arky, Freed, Stearns, Watson, Greer, Weaver & Harris v. Bowmar Instrument Corp.*, 527 So. 2d 211, 212 (Fla. 3d DCA 1987), *disapproved of on other grounds*, 537 So. 2d 561 (Fla. 1988)); *see also K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL*, 48 So. 3d 889, 892–93 (Fla. 3d DCA 2010).

Although the trial court did not err in dismissing the complaint as it relates to counts one through four, we do find it erred in dismissing count five. Count five alleges appellees filed a defective motion to enjoin a sale of trust property that caused appellant damages in the amount of at least $500,000.00. Unlike counts one through four, count five does sufficiently allege a cause of action for legal malpractice in two ways. First, count five pleads definitive damages—the loss of property that was sold at auction—which appellant allegedly suffered as a proximate result of appellees' work and, thus, was sufficient to survive a motion to dismiss. *See Miller v. Finizio & Finizio, P.A.*, 226 So. 3d 979, 982–83 (Fla. 4th DCA 2017); *KJB Vill. Prop.*, 77 So. 3d at 730. Second, count five pleads specific facts detailing how appellees' actions allegedly were the result of appellant's loss. *See Rios*, 613 So. 2d at 545. Unlike the first four counts, count five sufficiently pleads how appellant was harmed because of appellees' alleged breach, namely, failing to enjoin the sale of property at auction which appellant may have had a right to possess. *See id.*; *Miller*, 226 So. 3d at 982. Therefore, the trial court erred in dismissing count five. *See id.*

Finally, the court did not err in dismissing count six of the third amended complaint because the complaint does not allege sufficient facts to establish a claim of unjust enrichment. To support a claim of unjust enrichment, a complaint must allege: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit

without paying the value thereof to the plaintiff." *Swafford v. Schweitzer*, 906 So. 2d 1194, 1195 (Fla. 4th DCA 2005) (quoting *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)).

Here, the third amended complaint does not allege sufficient facts pertaining to the third element of unjust enrichment. This court has held an unjust enrichment claim "cannot exist where payment has been made for the benefit conferred." *Gene B. Glick Co., Inc. v. Sunshine Ready Concrete Co., Inc.*, 651 So. 2d 190, 190 (Fla. 4th DCA 1995); *see also N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674–75 (Fla. 3d DCA 2000) (quoting *Glick*, 651 So. 2d at 190). While the complaint asserts that appellees received payment after withdrawing from the case, it does not state whether appellees were unjustly enriched by the late payment, or whether the received fees were earned or unearned. Instead, the complaint admits the charges were incurred "to obtain any order permitting [appellees] to withdraw" and to provide appellant copies of his files. Without any allegations to the contrary, or any supporting exhibits attached to the pleading, the third amended complaint avers that appellees charged for services other than those relating to its termination and withdrawal of representation but did not allege how appellees were unjustly enriched by charging for these services provided. *See id.* Despite appellant's claims that the charges were "unjustified and valueless," the complaint does not allege that appellees charged appellant for work performed outside of the scope of their termination of representation. Therefore, dismissal of this count was proper.

We affirm the dismissal of counts one, two, three, four and six with prejudice, and remand for further proceedings as to count five of appellant's third amended complaint. We affirm all other issues raised without comment.

*Affirmed in part, reversed in part and remanded.*

GERBER and ARTAU, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

4