DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAYNE GREENBERG,**
Appellant,

v.

**COUNTRY ISLES SECTION ONE MAINTENANCE ASSOCIATION, INC.,**
a Florida corporation,
Appellee.

No. 4D2022-2322

[April 10, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE18-021905.

Lane Weinbaum of Weinbaum P.A., Coconut Creek, for appellant.

Kimberly K. Berman of Marshall Dennehey, P.C., Fort Lauderdale, for appellee.

WARNER, J.

Appellant challenges a final summary judgment entered by the trial court concluding that res judicata, collateral estoppel, and the statute of limitations barred appellant's claims. The trial court also made findings that appellant had agreed to certain commitments to settle the issues in the case. However, our reading of the record shows appellant did not make such agreements, and the judgment cannot be supported on the grounds upon which appellee sought summary judgment. We therefore reverse.

**Background**

Appellant, a homeowner in Country Isles' condominium complex, is a disabled woman. The instant suit is part of a continuing dispute which began when appellant filed a lawsuit in 2009 against Country Isles. The instant suit involves conduct subsequent to that lawsuit and includes allegations of retaliation for having filed the 2009 lawsuit.

In 2009, appellant filed a complaint seeking declaratory relief against Country Isles and the Farrells, appellant's next-door neighbors. Country Isles' Covenants contain an outdoor living area easement (the "Easement") which allows owners of dominant lots to construct improvements on the outdoor living area shared between each parcel's dominant and servient lots. Appellant and the Farrells live on the same parcel, with the Farrells owning the dominant lot and appellant owning the servient lot. The complaint alleged that the Farrells had constructed a fence pursuant to the easement which interfered with appellant's safe entry and exit due to her disability. Appellant requested a declaratory judgment that the easement was unenforceable against her because the easement posed an undue burden on her disability. She sought a ruling that the Farrells must remove the fence.

The case proceeded to trial in 2016, but the parties entered a stipulated final order ("SFO"). The SFO found the easement valid and enforceable, and found that the Farrells were in compliance with it. The SFO permitted appellant to install a gate on both sides of the Farrells' fence, at her own expense, to allow her access to her servient lot without entry on the Farrells' dominant lot. The construction of that gate was subject to approval by both Country Isles and the city, and appellant was ordered to submit an architectural review application to Country Isles, who in turn was ordered not to withhold approval so long as the gate was compliant with its architectural standards. The SFO ordered the Farrells to remove any improvements, other than the fence, that were physically located on appellant's servient lot, including trees and shrubbery. Based on these stipulations, the trial court dismissed appellant's complaint with prejudice, although it retained jurisdiction to enter further orders for compliance with and enforcement of the SFO.

Two years later, appellant filed another complaint against Country Isles and the Farrells. Appellant amended the complaint three times, with the third amended complaint alleging that Country Isles was retaliating against her for filing the 2009 lawsuit by, among other things, refusing to trim appellant's trees and to fulfill other maintenance requests, selectively enforcing rules against her, and issuing an unreasonable amount of notices of violations since appellant had filed the initial lawsuit. She also made a claim that Country Isles was in violation of the Fair Housing Act ("FHA"), because Country Isles had rejected her proposed accommodation for her disability and had failed to provide a reasonable alternative. She sought an injunction and damages for relief. Other than a summary of appellant's tumultuous relationship with the Farrells, the third amended complaint's allegations exclusively concerned conduct that had occurred after the SFO was entered.

2

Country Isles filed an answer and affirmative defenses to the third amended complaint. Country Isles' affirmative defenses included, among other things, collateral estoppel, res judicata, and the FHA's statute of limitations. Country Isles argued that appellant was rehashing the same claims as the 2009 case. Appellant responded to these affirmative defenses, arguing that the 2009 case concerned whether the easement was valid and whether the Farrells' fence complied with the easement, while the instant case concerned retaliation and harassment since the SFO.

Country Isles filed a motion for summary judgment on all four of appellant's claims based on its affirmative defenses of collateral estoppel, res judicata and the FHA's statute of limitations. Country Isles did not address appellant's claims on the merits. Appellant filed a memorandum opposing Country Isles' affirmative defenses. Appellant argued that collateral estoppel and res judicata did not apply because she was raising new allegations and new issues based on conduct subsequent to the SFO. Appellant argued that the FHA's statute of limitations did not apply because she had suffered the discriminatory housing practice after the SFO was entered and within the limitations period.

At the MSJ hearing, the trial court appears to have been vexed by the continued controversy, which had lasted for over ten years. The trial court declared that the case was "just plain and simple a waste of everybody's money," and that the parties needed to reach "some sort of accommodation." The court suggested some solutions regarding the fencing, to which Country Isles agreed but appellant opposed, expressing intent to continue the litigation. To settle the entire controversy, Country Isles made an offer to which appellant did not respond. But the court said, "Well, it sounds like everything's resolved in this case, you know." Appellant argued the issues were not all settled. The court then ended the hearing with the following exchange:

> THE COURT: You guys try to work this out on your own. I'm done trying to be reasonable here, because this is not that kind of case. Summary Judgment is granted, and -
>
> [APPELLANT'S COUNSEL]: Granted?
>
> THE COURT: -- and you'll -- yeah, it's granted.
>
> [APPELLANT'S COUNSEL]: How is Summary Judgment granted?

3

THE COURT: Granted. It's out. You're done. That's it. Everything has been resolved. First of all, the FHA claim before about the aluminum gate, the Order before required [Appellant] to pay for it. So [Country Isles] will approve it. She'll put up a brown-colored fence that's aluminum. That's fine. But as far as the rest of this case, it's already been done. It's already been decided. And there's no outstanding penalty –

[APPELLANT'S COUNSEL]: Judge, I think what -- I think –

THE COURT: -- or anything else. They've agreed they're going to do the maintenance anyway, and we don't need an Injunction. So the Summary Judgment is granted. Let me have [Country Isles] submit the Order.

The court's final summary judgment order found that the issues presented in this case were addressed and litigated in the prior case, and settled in the SFO. The court found that appellant's Florida law claims were barred by res judicata and/or collateral estoppel, and that her FHA claim was barred by the FHA's statute of limitations. To the extent the instant case concerned compliance with the SFO, the court found that those issues were resolved at the hearing. Later, the court denied a motion for rehearing, concluding that the issues were barred by res judicata, collateral estoppel, or the statute of limitations. From the final judgment, appellant now appeals.

## Analysis

We review a summary judgment de novo. *Dist. Advisory Bd. of S. Fla. Dist. v. Centro De Alabanza Oasis W. Palm Beach, Inc.*, 338 So. 3d 936, 940 (Fla. 4th DCA 2022). Whether a cause of action is barred by res judicata, collateral estoppel, and/or the statute of limitations is a question of law also reviewed de novo. *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065 (Fla. 4th DCA 2015) ("A trial court's ruling concerning the application of res judicata and collateral estoppel is . . . reviewed de novo."); *Philip Morris USA, Inc. v. Barbanell*, 100 So. 3d 152, 157 (Fla. 4th DCA 2012) (citation omitted) ("A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.").

Country Isles moved for, and the trial court granted, summary judgment based on the affirmative defenses of res judicata, collateral estoppel, and statute of limitations. However, we conclude that appellant's complaint was not barred by any of these affirmative defenses.

**Res Judicata**

In *Florida Department of Transportation v. Juliano*, 801 So. 2d 101 (Fla. 2001), our supreme court described when res judicata bars a claim:

> A judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Id.* at 105 (quoting *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984)).

It is undisputed that the SFO is a judgment on the merits rendered in a former suit between the same parties by a court of competent jurisdiction. At issue is whether appellant's third amended complaint in the instant case concerns the same subject matter as that which was addressed, or could properly have been addressed, in the former case.

The SFO was entered in August 2016, and appellant's complaint is largely based on what she alleges was harassment by Country Isles that occurred between September 2016 and August 2020, as well as an FHA violation which she alleges had occurred in 2020. "The doctrine of res judicata . . . is not applicable where the claims in the two cases concern different periods of time." *Woodward v. Woodward*, 192 So. 3d 528, 531 (Fla. 4th DCA 2016) (quoting *M.C.G. v. Hillsborough Cnty. Sch. Bd.*, 927 So. 2d 224, 227 (Fla. 2d DCA 2006)). Thus, appellant's claims were not barred by res judicata.

**Collateral Estoppel**

"[T]he doctrine of collateral estoppel, or issue preclusion, 'bars relitigation of the same issue between the same parties which has already been determined by a valid judgment,' even where the present and former cause of action are not the same." *Kowallek v. Lee Rehm*, 183 So. 3d 1175, 1177 (Fla. 4th DCA 2016) (quoting *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 525 (Fla. 4th DCA 2005)); *see also Aronowitz*, 174 So. 3d at 1066 (citation omitted) ("Collateral estoppel applies to specific issues 'that were actually litigated and decided in the former suit.'"). Unlike res judicata, collateral estoppel can bar claims based on conduct subsequent to the first

judgment, where the second case is an attempt to relitigate the same issue as the first. *Kowallek*, 183 So. 3d at 1177.

Although Country Isles argues that this case concerns the same issues as the first, the first case concerned whether Country Isles' easement was valid and enforceable, and whether the Farrells' fence complied with that easement. The instant case involves, among other things, allegations of retaliation, selective enforcement of Country Isles' Covenants against appellant, issues with a privacy fence and gate that were erected in 2017, and issues with Country Isles refusing to trim appellant's trees. None of these issues were alleged in the 2009 complaint or addressed in the SFO. Collateral estoppel does not bar the instant suit.

## FHA Statute of Limitations

FHA claims carry a two-year statute of limitations, which begins running "after the occurrence . . . of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Country Isles denied appellant's FHA request in February 2020, which appellant argues constitutes the discriminatory housing practice. That allegation falls within the two-year statute of limitations, as appellant filed her complaint in December 2020. However, Country Isles argues that appellant's FHA claim accrued in 2009, when the Farrells first installed their fence, and so that claim is barred by the statute of limitations.

"The FHA's statute of limitations begins to run as soon as 'facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated.'" *Telesca v. Vill. Of Kings Creek Condo. Ass'n*, 390 Fed. App'x 877, 882 (11th Cir. 2010) (citation omitted). Here, appellant was granted leave to amend her complaint to add FHA claims. When she filed her third amended complaint raising such claims in December 2020, the claim was based at least in part on the denial of her FHA request to maintain the privacy fence's location following her deteriorating mobility from an additional surgery, with both the surgery and FHA request denial occurring in 2020. The privacy fence was not the fence in litigation in the 2009 suit and was not constructed until 2017. Moreover, appellant could not have known of the facts giving rise to her FHA claim before her January 2020 surgery, bringing the claim within the statute of limitations. *Telesca*, 390 Fed. App'x at 882.

Because the motion for summary judgment was based exclusively on the applicability of the three affirmative defenses, the court erred in granting summary judgment.

**Final Judgment Based Upon Purported Agreement Between Parties**

In the final judgment, the trial court lists several purported agreements that appellant and Country Isles reached during the hearing. Appellant argues that no such stipulations were reached, and the trial court erred in relying on the purported agreements in reaching its final judgment. Indeed, the court's final judgment incorporated these purported "agreements" as grounds for entering final judgment.

The court insisted on attempting to get the parties to agree to specific concessions in order to end the litigation, including a promise by Country Isles to approve the gate, trim trees if supported by an arborist report, and other concessions. Country Isles stated that it would agree to these terms, *if such agreement would end the suit.* But because the appellant did not affirmatively agree to the terms and wanted the suit to continue, the trial court erred in forcing the terms upon the appellant. An oral settlement's enforceability requires "[a] stipulation properly entered into the record, where there is a clear understanding of the finality of that agreement." *Roskind v. Roskind,* 552 So. 2d 1155, 1156 (Fla. 3d DCA 1989). Here, there was no clear understanding of the finality of the agreement. While Country Isles agreed to many terms which would have been favorable to appellant, appellant did not affirmatively agree to all the terms and expressed her desire to continue with the litigation. Although the trial court earnestly sought to get the parties to come to agreement, it could not enter a final judgment based upon an incomplete agreement.

**Conclusion**

The trial court erred in entering summary judgment based upon the affirmative defenses of res judicata, collateral estoppel, and statute of limitations, which were the only grounds raised in Country Isles' motion and which are not supported by the record. The court also erred in relying on alleged agreements between the parties to conclude the matter, when the record shows that appellant did not agree to end the litigation and that the agreements did not resolve all issues in the complaint. We therefore reverse the final summary judgment and remand for further proceedings.

*Reversed.*

LEVINE and ARTAU, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***